UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATHAN ORENBUCH,
individually and on behalf of a class,

                    Plaintiff,

                    **REPORT AND RECOMMENDATION**
         -against-         CV 09-2657(JS)(ARL)

BRACHS FIVE TOWNS, LLC and
DOES 1-10,

                    Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Joanna Seybert for a report and recommendation as to whether a default should be entered and, if so, the proper amount of damages, costs and/or fees, if any, to be awarded. The plaintiff was directed to submit papers in support of his claim for damages by August 23, 2010. The plaintiff was thereafter directed to file papers in support of his claim for damages by September 3, 2010. To date, the plaintiff has not submitted papers in support of his damages claim. Accordingly, the undersigned relies on the original papers plaintiff filed in connection with the motion for a default judgment, and based on the evidence submitted, recommends that the a default judgment be entered and that damages be denied with leave to renew.

**DISCUSSION**

       The plaintiff Nathan Orenbuch ("plaintiff") commenced this lawsuit individually and on behalf of a class by filing the summons and complaint on June 23, 2009. The defendant Brachs Five Towns, LLC ("defendant") was served with the summons and complaint on June 23, 2009. The defendant failed to answer or otherwise respond to the complaint. The plaintiffs moved for a

default judgment and, on July 2, 2010, the Clerk of the Court certified the defendant's default based upon the failure to answer or otherwise appear in this action.

Based upon the defendant's failure to respond to the complaint, the undersigned recommends that a default judgment be entered. *See* Fed. R. Civ. P. 55(b). The defendant's default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1993), *cert. denied*, 506 U.S. 1080 (1993). The defendant's default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in [the] complaint violated the laws upon which [the] claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). However, the movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup,* 973 F.2d at 159; *see also Masino v. Columbus Const. Corp.,* No. 08-CV-1592 (RRM) (CLP), 2009 WL 2566956, at *3 (E.D.N.Y. Aug. 19, 2009) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation") (internal quotation marks and citations omitted). An evidentiary hearing is not required so long as there is a basis for the damages awarded. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). Here, however, the documentary evidence submitted by the plaintiff does not provide the basis for an award. *See id.*; *see also Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

The complaint seeks statutory damages for a violation of Section 1681c(g)the Fair and

Accurate Credit Transaction Act of 2003, 15 U.S.C. § 1601 et seq., Pub. L. No. 108-159, § 1, 117 Stat. 1952 (2003) ("FACTA"), which requires that merchants truncate the credit card information they include on customer's receipts. (Compl. ¶¶ 2, 10.) Plaintiff alleges that defendant Brachs Five Towns, LLC ("defendant") willfully violated Section 1681c(g) by including the expiration date of his credit card on the computer-generated cash register receipt on May 26, 2009. (Compl. ¶¶ 10, 19; Ex. A.) Based on this allegation, plaintiff seeks statutory damages under Section 1681n of FACTA together with attorneys' fees, costs and punitive damages. (Compl. ¶¶ 12, 53.)

Section 1681c(g) of FACTA imposes restrictions on the disclosure of credit and debit card information by persons who accept the cards for business transactions, and provides in pertinent part:

> (1) In general
>
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1) (2009). Section 1681n outlines civil liability for willful noncompliance with FACTA sections, including Section 1681c, and provides in relevant part:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
>
> (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, whichever is greater;
>
> . . . . .
>
> (2) such amount of punitive damages as the court may allow; and

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n (2009).

Although in the affidavit in support of the default judgment, plaintiff seeks $1,000 for the statutory violation, $2,324.00 in attorneys fees, and $529.32 in costs, (Kleinman Aff., ¶ 6.), plaintiff has not provided any evidence in support of such an award. Thus, the court cannot calculate the amounts owed for the willful noncompliance of Section 1681c(g). Accordingly, the undersigned declines to recommend an award of damages, attorney's fees or costs to the plaintiff given the absence of any evidence substantiating plaintiff's claims.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiffs shall serve it on the defendants at their last-known addresses and shall file proof of service with the court forthwith. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       February 8, 2011

                                 _____/s/_____
                                 ARLENE R. LINDSAY
                                 United States Magistrate Judge