UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NATHAN ORENBUCH,

                    Plaintiff,

-against-

BRACHS FIVE TOWNS, LLC and DOES 1-10,

                    Defendant.
----------------------------------X

MEMORANDUM & ORDER
09-CV-2657(JS)(ARL)

APPEARANCES:
For Plaintiff:    Abraham Kleinman, Esq.
                  Kleinman, LLC
                  626 RXR Plaza
                  Uniondale, NY 11556-0626

                  Dan Edelman, Esq.
                  Cathleen M. Combs, Esq.
                  Edelman, Combs, Latturner & Goodwin, LLC
                  120 S. LaSalle Street, Suite 1800
                  Chicago, IL 60603

For Defendants:   No appearances.

SEYBERT, District Judge:

      Plaintiff Nathan Orenbuch ("Plaintiff") brought this suit individually and on behalf of a class alleging a violation of Section 1681c(g) of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). Defendant Brachs Five Towns, LLC ("Defendant") has not answered or otherwise appeared to defend this litigation, and Plaintiff moved for a default judgment. On July 7, 2010, the Court referred Plaintiff's motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R"). On February 8, 2011, Judge Lindsay

recommended that a default judgment be entered and that damages be denied with leave to renew. For the following reasons, the Court declines to adopt Judge Lindsay's R&R. Instead, the Court denies Plaintiff's motion without prejudice and orders Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

A brief timeline is sufficient to put this litigation into context. After she was referred Plaintiff's default judgment motion, Judge Lindsay directed Plaintiff to submit papers in support of his damages claim by August 23, 2010. Plaintiff asked for more time, and Judge Lindsay extended Plaintiff's time until September 3, 2010. To date, Plaintiff has not filed papers in support of his damages. Judge Lindsay considered Plaintiff's default judgment motion without Plaintiff's supporting paperwork and recommended that judgment be entered for Plaintiff on liability but not damages. R&R at 1. Specifically, Judge Lindsay found that, absent sufficient evidentiary support, Plaintiff had not proven that he was entitled to an award and that his request for damages should be denied with leave to renew. R&R at 4.

Judge Lindsay directed counsel for Plaintiff to serve the R&R on Defendant at its last known address and file proof of service with the court forthwith. R&R at 4. More than a month

has elapsed, and counsel for Plaintiff has not filed proof of service on the Court's Electronic Case Filing system ("ECF"). Defendant had fourteen days from the date of service to file objections to the R&R, but since Plaintiff's counsel has not filed proof of service, it is not clear when or even whether Defendant's time has run.

## DISCUSSION

Although it finds Judge Lindsay's R&R to be comprehensive and well-reasoned, the Court declines to adopt it. The Court will not prolong this case indefinitely while it waits for Plaintiff to submit evidentiary support for his damages. More to the point, it will not brook counsel's disregard for Judge Lindsay's order that they serve the R&R on Defendant and file proof of service with the Court. This failure, coupled with Plaintiff's decision not to submit evidence on damages, strongly suggests that Plaintiff has lost interest in this case. In any event, Plaintiff is ORDERED TO SHOW CAUSE why this matter should not be dismissed with prejudice pursuant to Federal Rule 41(b). See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (affirming sanctions and dismissal with prejudice where counsel, among other things, disregarded a court order).

## CONCLUSION

The Court reluctantly declines to adopt Judge Lindsay's R&R. Plaintiff is ORDERED TO SHOW CAUSE within

fourteen (14) days of this order why this case should not be dismissed for failure to prosecute pursuant to Federal Rule 41(b).

Plaintiff's motion for a default judgment (Docket Entry 11) is DENIED WITHOUT PREJUDICE. If Plaintiff ultimately decides to renew this motion, he shall submit evidentiary support for his claimed damages with his motion. If he cannot produce any evidence, he should say so in his motion. Obviously, the legal costs and fees incurred in responding to this Order to Show Cause shall not be included in Plaintiff's award calculation.

Further, Plaintiff is ORDERED to serve a copy of this order on Defendant at its last known address and file proof of service with the Court within three (3) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT\
Joanna Seybert, U.S.D.J.

Dated:     March __15__, 2011\
            Central Islip, New York